(104 So. 885)
### AMISS v. O'REAR, Sheriff. (6 Div. 642.)

(Court of Appeals of Alabama. June 30, 1925.)

**1. Statutes ⟨key⟩125(6)—Acts held not unconstitutional in that their substance is not foreshadowed by title.**

Act September 25, 1915, § 14 (Gen. Acts 1915, p. 557), and act September 16, 1915, (Gen. Acts 1915, p. 589), relating to sheriff's fees, growing out of violations of prohibition laws, *held* not violative of Const. 1901, § 45, in that substance of acts are not foreshadowed by their title.

**2. Statutes ⟨key⟩109—Constitutional provision, as to clearly expressing subject in title, construed.**

Const. 1901, § 45, providing that each law shall contain but one subject which shall be clearly expressed in its title, is intended to prevent deception by including in bills matter incongruous with their title, and to prevent logrolling legislation, but does not require that every provision of a statute be stated in the title, it being sufficient if subject is single, and all provisions are referable and cognate to general subject expressed in title.

**3. Constitutional law ⟨key⟩48—Courts may pronounce statute invalid only for clear violation of Constitution.**

Courts may pronounce a statute invalid only when there is a clear violation of Constitution.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Petition of Guy V. O'Rear, as Sheriff, for mandamus, to Mae Amiss, as Clerk of the Circuit Court of Walker County. From a judgment awarding the writ, respondent appeals. Affirmed.

Sowell & Gunn, of Jasper, for appellant.

Where more than one subject of legislation is embraced in an act, and the title does not clearly indicate the subject, it is void. Const. 1901, § 45; State v. Sou. Ry., 115 Ala. 250, 22 So. 589; White v. Burgin, 113 Ala. 170, 21 So. 832; Dowling v. City of Troy, 173 Ala. 468, 56 So. 118.

C. R. Wiggins, of Jasper, for appellee.

Brief of counsel did not reach the Reporter.

RICE, J. Appellee seeks by his petition to require the appellant to pay over to him three items of costs or fees claimed to have been earned by him in a case growing out of a violation of the prohibition laws, and taxed and collected by appellant. These items are (1) $3, in virtue of subdivision 16, section 22, of the act approved January 23, 1915 (Gen. Acts 1915, pp. 8, 24), for executing search warrant; (2) $5, in virtue of the same statute, and also the act approved September 16, 1915 (Gen. Acts 1915, p. 589), expenses in going to the place where the defendant was arrested and transporting him to the county seat, a distance of 50 miles; and (3) $10, in virtue of section 14 of the act approved September 25, 1915 (Gen. Acts 1915, pp. 553, 557), for making seizure of prohibited liquors in excess of 20 gallons, in the possession of the defendant.

Appellant demurred to the petition, assailing the constitutionality of each of the acts above mentioned, and also raising the point that the provision of subdivision 16, section 22, of the Act approved January 23, 1915, was superseded by section 14 of the act approved September 25, 1915. The trial court sustained this latter ground of demurrer, overruling all others. Respondent declining to plead further, judgment was rendered for the plaintiff for the two items claimed of $5 and $10, respectively. The respondent appeals, and assigns as error the overruling of those grounds of demurrer, asserting the unconstitutionality of the three mentioned acts.

Since the trial court by its judgment held the plaintiff not to be entitled to collect the item of $3 by virtue of the Act of January 23, 1915, consideration of that statute is not necessary to a determination of this appeal —no cross-appeal having been taken by plaintiff—and we pretermit all consideration thereof.

[1] Appellant insists that section 14 of the act approved September 25, 1915, is void, for the reason that its substance is not foreshadowed by the title of the act, and that the act approved September 15, 1915, likewise offends section 45 of the Constitution of 1901. In these contentions we think there is no merit; nor do we think any very useful purpose would be served by an elaborate treatment of the subject.

[2, 3] The object and purpose of the mandate of section 45, "Each law shall contain but one subject, which shall be clearly expressed in its title," is to prevent deception by including in bills matters incongruous with their titles; to prevent hodgepodge or logrolling legislation. Ex parte Pollard, 40 Ala. 77; Lindsay v. U. S. Asso., 120 Ala. 156, 24 So. 171, 42 L. R. A. 783. It is not essential that every provision of a statute be stated in the title, but it is sufficient if the subject is single and all provisions are referable and cognate to the general subject expressed in the title. Randolph v. Supply

Co., 106 Ala. 501, 17 So. 721; Ballentyne v. Wickersham, 75 Ala. 533. It is only when there is a clear violation of the Constitution that the courts may pronounce a statute invalid. A. G. S. v. Reed, 124 Ala. 253, 27 So. 315.

We do not find any such clear violation present in these statutes; to the contrary, we are of the opinion that they meet the requirements of the section invoked.

The judgment is affirmed.

Affirmed.